IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT D. LOCKWOOD,<br>    ID # 808461,<br>        Plaintiff, | )<br>)<br>) | |
| vs. | ) | No. 3:19-CV-1287-G (BH) |
| TDCJ, | )<br>) | |
|         Defendant. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

### I.  BACKGROUND

Robert D. Lockwood (Plaintiff), an inmate in the Texas Department of Criminal Justice (TDCJ), appears to allege retaliation, violation of his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments, denial of grievance procedures, and denial of access to courts at the Allred Unit in Iowa Park, Texas, where he is currently housed. (*See* doc. 3 at 1-6.)[1] He appears to claim that his "life is in grave imminent peril, harms way and danger" because he is "unconstitutionally," "inhumanely" and "improperly" being held on death row without an indictment from a grand jury, and that he is innocent. (*See id*. at 1, 3.)[2] He also claims that he is being retaliated against and tortured by security personnel and computer equipment room staff for attempting to exercise his

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Public records show that Plaintiff is serving sentences of 20, 4, and 2 years' imprisonment for aggravated robbery, escape, and unauthorized use of a motor vehicle, respectively. *See* https://offender.tdcj.texas.gov/OffenderSearch (search for Plaintiff).

right of access to the courts, and that his prior lawsuits have been "denied, delayed, falsified[, or] rewritten. (*See id*. at 1, 5-6.) A prior lawsuit asserting similar claims of retaliation and torture by TDCJ officials was dismissed on March 22, 2019. *See Lockwood v. Johnson*, No. 5:18-CV-286-C (N.D. Tex. Mar. 22, 2019).

## II.  NATURE OF SUIT

Although Plaintiff refers to 28 U.S.C. § 2244 and claims that he is innocent, he states that he is filing a civil complaint, and he raises civil rights claims under 42 U.S.C. § 1983. (*See* doc. 3.) His filing is therefore liberally construed as a complaint under § 1983, and not as a habeas petition.[3]

## III.  THREE STRIKES

As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act (PLRA). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Lockwood v. Johnson*, No. 5:18-CV-

---

[3] Plaintiff has previously filed three habeas petitions. *See Lockwood v. Davis*, No. 7:18-CV-003-O (N.D. Tex. Jan. 11, 2018); *Lockwood v. Davis*, No. 3:17-CV-2008-N (N.D. Tex. Feb. 2, 2018); *Lockwood v. Davis*, No. 3:17-CV-1755-B (N.D. Tex. Jan. 31, 2018).

286-C (N.D. Tex. Mar. 22, 2019) (dismissing similar claims as frivolous and for failure to state a claim under § 1915(e)(2), and expressly noting that the dismissal was Plaintiff's third strike); *Lockwood v. State of California*, No. 5:17-CV-2252-DSF (C.D. Cal. June 28, 2018) (dismissing case for failure to state a claim, for suing immune defendants, and as barred by *Heck v. Humphrey*[4]); *Lockwood v. Armstrong*, No. 6:17-CV-0351 (W.D. Tex. Jan. 22, 2016) (dismissing case as frivolous under § 1915(e)(2)). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Although Plaintiff claims that his "life is in grave imminent peril, harms way and danger" due to the alleged violations of his constitutional rights, he does not explain why or otherwise provide any factual support for his claim. Conclusory allegations are insufficient to demonstrate imminent danger of serious physical harm. *See Smith v. Blount*, 258 F. App'x 630 (5th Cir. 2007) (*per curiam*) (citing *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998)); *see also Canady v. Roesler*, 668 F. App'x 642 (5th Cir. 2016)(*per curiam*)(finding conclusional assertion in an affidavit that the plaintiff had been harassed and prevented from practicing his religion, pushed in the chest by an officer two years before, and yelled at by another officer two months before he filed his complaint insufficient to establish imminent danger at the time he sought to file his complaint); *Morgan v. Fischer*, No. 9:11cv98, 2011 WL 4457667, at *3 (E.D. Tex. July 21, 2011), *rec. adopted*, 2011 WL 4436229 (E.D. Tex. Sept. 23, 2011) (finding that the plaintiff's allegations of harm were entirely conclusory, and that courts have routinely held that general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the

---

[4] A dismissal of a civil complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994) (plaintiff may not pursue civil suit that calls into question the validity of a conviction unless the conviction has been set aside), counts as a strike under § 1915(g).

exception to § 1915(g)) (collected cases omitted). Plaintiff should be required to prepay the filing fee before he may proceed with his case.

## IV. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full filing fee[5] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 3rd day of June, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.